1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**

9

**SOUTHERN DISTRICT OF CALIFORNIA**

10

11  RONALD WILSON,

12                                              Plaintiff,
        vs.
13

14  PFS, LLC dba McDONALD'S # 23315; PFS
    MANAGEMENT CO. INC.; McDONALD'S
15  CORPORATION,

16                                              Defendants.

CASE NO. 06CV1046 WQH (BLM)

ORDER DENYING DEFENDANTS'
MOTION FOR ATTORNEYS FEES,
COSTS, AND SANCTIONS (Doc. # # 85)
AND DEFENDANTS' REQUEST FOR
JUDICIAL NOTICE (Doc. # 99)

17

18  HAYES, Judge:

19          Pending before the Court are Defendants' motion for attorneys fees, costs, and sanctions (Doc.

20  # 85) and request for judicial notice (Doc. # 99).  The Court finds these matters suitable for submission

21  on the papers and without oral argument pursuant to Civil Local Rule 7.1(d)(1).

22                          **FACTUAL & PROCEDURAL BACKGROUND**[1]

23          On October 24, 2005, Plaintiff Ronald Wilson visited Defendants' McDonald's restaurant in

24  San Marcos, California.   Plaintiff resides in Dixon, California, approximately 500 miles from

25  Defendants' restaurant.   During his visit to Defendants' restaurant, Plaintiff made at least one

26  purchase.  On December 26, 2005, Plaintiff visited Defendants' restaurant a second time to perform

27  an Americans with Disabilities Act access survey.

28

---

[1] The facts and procedural history are undisputed.

- 1 -                                    06CV1046 WQH (BLM)

1    On January 19, 2006, Plaintiff sent a letter to Defendants stating that Plaintiff encountered

2  access barriers during his visit to Defendants' McDonald's restaurant.  Plaintiff further stated that

3  Defendants' restaurant was in violation of state and federal access laws, and requested that Defendants

4  respond within ten days of the letter's receipt.  On January 27, 2006, and March 22, 2006, Defendants

5  responded to Plaintiff's letter in writing, and advised Plaintiff that Defendants had engaged an

6  accessibility consultant and would correct any access barriers.  Plaintiff did not respond to or

7  acknowledge either of Defendants' written responses.

8    On May 11, 2006, Plaintiff filed the Complaint in this matter, asserting a federal Americans

9  with Disability Act (ADA) claim as well as California state law claims against Defendants.  (Doc. #

10  1).  Specifically, Plaintiff asserted that he encountered physical and intangible barriers at Defendants'

11  McDonald's restaurant which denied Plaintiff the ability to use and enjoy the restaurant in violation

12  of federal and state law.  (Doc. # 1).

13    On July 3, 2006, Defendants made a Rule 68 Offer of Judgment whereby Defendants agreed

14  to bring Defendants' McDonald's restaurant into compliance with disability laws.  On July 5, 2006,

15  Plaintiff rejected the offer.  On July 14, 2006, Defendants moved to dismiss Plaintiff's Complaint for

16  lack of subject matter jurisdiction and failure to state a claim.  (Doc. # 7).  On July 20, 2006,

17  Defendants tendered a second Rule 68 Offer of Judgment.  On July 26, 2006, Plaintiff rejected the

18  second offer.  On November 2, 2006, this Court denied Defendants' motion to dismiss.  (Doc. # 25).

19  On December 8, 2006, Defendants made a third Rule 68 Offer of Judgment.  On December 12, 2006,

20  Plaintiff rejected the third offer.

21    On January 28, 2007, Defendants filed a motion to dismiss Plaintiff's state law claims for lack

22  of jurisdiction.  (Doc. # 35).  On May 31, 2007, the Court granted the motion to dismiss and dismissed

23  Plaintiff's state law claims without prejudice.  (Doc. # 57).

24    On April 3, 2007, Plaintiff filed a motion for summary judgment.  (Doc. # 42).  In April and

25  early June of 2007, Defendants asked Plaintiff to withdraw the motion.  On June 15, 2007, Plaintiff

26  withdrew the motion.  (Doc. # 62).

27    On June 22, 2007, Defendants moved for summary judgment on Plaintiff's federal ADA claim.

28  (Docs. # 65, 66).  On July 13, 2007, Plaintiff filed a cross-motion for summary judgment on the ADA

1   claim. (Doc. # 68). On August 6, 2007, Plaintiff conceded that there were no longer ADA violations

2   at Defendants' restaurant and that Plaintiff lacked standing.  (Doc. # 78).

3          On August 22, 2007, this Court issued an Order granting Defendant's motion for summary

4   judgment and denying Plaintiff's motion for summary judgment. (Doc. # 80).  In granting summary

5   judgment, the Court relied upon Plaintiff's concession that all of the ADA violations had been

6   remedied and that Plaintiff lacked standing to pursue the remaining ADA claim.  (Doc. # 80).

7          On September 5, 2007, Defendants filed the pending motion for attorneys fees, costs, and

8   sanctions. (Doc. # 85). On October 12, 2007, Plaintiff filed an opposition. (Doc. # 92).  On October

9   22, 2007, Defendants filed a reply.  (Doc. # 93).  On March 3, 2008, Defendants requested that this

10  Court take judicial notice of an Order filed on February 29, 2008, in *Wilson v. Kayo Oil, et. al.*,

11  06CV1035 BEN (AJB), docket entry # 52.  (Doc. # 99).

12                                          **DISCUSSION**

13         Defendants move for attorneys' fees, costs, and sanctions pursuant to 42 U.S.C. § 12205, 28

14  U.S.C. § 1927, and the Court's inherent power.  Defendants contend that Plaintiff filed the Complaint

15  and multiplied these proceedings in bad faith in an attempt to obtain a large monetary settlement.

16  Specifically, Defendants contend that Plaintiff ignored Defendants attempt to settle this matter in bad

17  faith and filed motions for summary judgment which Plaintiff knew were meritless at the time that

18  they were filed.

19         Plaintiff contends that Defendants are not the prevailing parties in this matter and are therefore

20  not entitled to attorney fees and costs.  Plaintiff further contends that he rejected Defendants'

21  settlement demands and offers of judgment because the settlement demands and offers of judgment

22  did not adequately protect Plaintiff's interests.  Plaintiff contends that he never filed a motion in bad

23  faith, and notes that Defendants only corrected ADA violations at the McDonald's restaurant after

24  Plaintiff brought this suit.

25  **I. Attorney Fees & Costs Pursuant to the Americans with Disabilities Act**

26         **A. Standard for Awarding Fees Under 42 U.S.C. § 12205 of the ADA**

27         "While attorney's fees generally are not recoverable, such fees may be awarded if authorized

28  by enforceable contract or by applicable statute." *Peters v. WinCo Foods*, 320 F. Supp. 2d 1035, 1037

1   (E.D. Cal. 2004) (citing *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 257 (1975)).

2          The ADA provides that, "[i]n any action or administrative proceeding commenced pursuant

3   to this Act, the court or agency, in its discretion, may allow the prevailing party, other than the United

4   States, a reasonable attorney's fee, including litigation expenses, and costs . . . ." 42 U.S.C. § 12205.

5   "[P]olicy considerations which support the award of attorneys fees to a prevailing plaintiff are not

6   present in the case of a prevailing defendant." *Christianburg Garment Co. v. Equal Employment*

7   *Opportunity Commission*, 434 U.S. 412, 418-19 (1978).  Accordingly, "fees should be granted to a

8   defendant in a civil rights action only 'upon a finding that the plaintiff's action was frivolous,

9   unreasonable, or without foundation.'" *Summers v. A. Teichert & Son*, 127 F.3d 1150, 1154 (9th Cir.

10  1997) (citing *Christianburg Garment Co.*, 434 U.S. at 421); *see also Brown v. Lucky Stores*, 246 F.3d

11  1182, 1190 (9th Cir. 2001); *Peters*, 320 F. Supp. 2d at 1037.

12          **B.  Analysis**

13          In order to award fees and costs pursuant to 42 U.S.C. § 12205, the Court must first determine

14  whether "the party seeking fees and costs is the prevailing party." *Molski v. Mandarin Touch*

15  *Restaurant*, Case No. CV 04-0450 ER, 2005 U.S. Dist. LEXIS 40260, *2 (C.D. Cal. Dec. 9, 2005);

16  42 U.S.C. § 12205.  The Supreme Court has "identified two judicial outcomes under which a party

17  may be considered a 'prevailing party' for the purpose of awarding attorney's fees: (1) an enforceable

18  judgment on the merits; or (2) a settlement agreement enforceable through a court-ordered consent

19  decree." *Perez-Arellano v. Smith*, 279 F.3d 791, 793 (9th Cir. 2002) (citing *Buckhannon Bd. & Care*

20  *Home, Inc. v. West Virginia Dep't of Health & Human Resources*, 532 U.S. 598, 604 (2001)).  A

21  "material alteration of the legal relationship of the parties" is "necessary" to permit an award of

22  attorney's fees. *Id.*  "In the Ninth Circuit, summary judgment on standing grounds is not considered

23  a judgment on the merits entitling defendants to an award of attorney's fees and costs as prevailing

24  parties under the ADA." *Feezor v. De-Jesus dba 7-Eleven*, 439 F. Supp. 2d 1109, 1111 (S.D. Cal.

25  2006); *see also Molski*, Case No. CV 04-0450 ER, 2005 U.S. Dist. LEXIS 40260, *2 (C.D. Cal. Dec.

26  9, 2005)

27          On August 22, 2007, the Court granted Defendants' motion for summary judgment and denied

28  Plaintiff's motion for summary judgment.  (Doc. # 80).  The Court granted Defendants' motion for

1 summary judgment because Plaintiff (1) conceded that Defendants' had corrected each of the alleged

2 ADA violations at the McDonald's restaurant, and (2) admitted that he no longer had standing to

3 pursue the suit. (Doc. # 80 at 2). The "doctrine of standing seeks to ensure that a plaintiff has

4 sufficient stake in the controversy to merit her being the one to litigate it," and in order to have

5 standing to pursue ADA injunctive relief, a plaintiff must show an "actual or imminent injury." *De'Lil*

6 *v. El Torito*, No. C 94-3900-CAL, 1997 U.S. Dist. LEXIS 22788, \*6 (N.D. Cal. Jun. 24, 1997). Once

7 Defendants remedied the alleged ADA violations at Defendants' restaurant. Plaintiff could not show

8 actual or imminent injury to support injunctive relief, and thus, Plaintiff lacked standing to pursue this

9 action. As summary judgment on standing grounds is not considered a judgment on the merits

10 entitling a defendant to status as the prevailing party, the Court concludes that Defendants are not the

11 prevailing parties in this case. *Feezor*, 439 F. Supp. 2d at 1111; *see also Perez-Arellano*, 279 F.3d at

12 793.

13      The Court finds that, even if the Defendants were the prevailing party in this case, Defendants

14 would not be entitled to attorney's fees because the Court cannot conclude that Plaintiff's action was

15 "frivolous, unreasonable, or without foundation'" in light of the fact that Defendants remedied each

16 of the violations alleged in the Complaint. *Summers*, 127 F.3d at 1154; *Lucky Stores*, 246 F.3d at

17 1190.

18 **II. Sanctions Pursuant to 28 U.S.C. § 1927**

19      **A. Standard for § 1927 Sanctions**

20      28 U.S.C. § 1927 provides that:

21
22
23      Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

24 In order for a Court to award sanctions pursuant to 28 U.S.C. § 1927, the Court must make a "finding

25 of subjective bad faith." *BKB v. Maui Police Dep't*, 276 F.3d 1091, 1107 (9th Cir. 2002).

26 "[R]ecklessness plus knowledge" of a filing's frivolousness will support sanctions pursuant to 28

27 U.S.C. § 1927. *Id.*; *see also Fink v. Gomez*, 239 F.3d 989, 993-94 (9th Cir. 2001). "Because [28

28 U.S.C. § 1927] authorizes sanctions only for the multiplication of proceedings, it applies only to

1  unnecessary filings and tactics once a lawsuit has begun," and the Court of Appeals for the Ninth

2  Circuit has "twice held that § 1927 cannot be applied to an initial pleading." *In re Keegan*

3  *Management Co.*, 78 F.3d 431, 435 (9th Cir. 1996) (internal citations omitted); *see also Zaldivar v.*

4  *Los Angeles*, 780 F.2d 823, 831 (9th Cir. 1986).

5      **B. Analysis**

6      Defendants contend that Plaintiff's multiplied these proceedings unreasonably and in bad faith,

7  and that Plaintiff's actions forced Defendants to expend significant resources unnecessarily.

8  Specifically, Defendants contend that Plaintiff negotiated and communicated in bad faith, ignored

9  Defendants' promises to remedy alleged ADA violations, and filed two motions for summary

10  judgment which were meritless at the time of filing.  Plaintiff contends that he was entitled to a court-

11  backed injunction and did not have to rely on Defendants promises to remedy ADA violations.

12  Plaintiff further contends that he did not negotiate and communicate in bad faith.

13      After reviewing the record in this case, the Court cannot conclude that Plaintiff acted in bad

14  faith in this case.  While it is true that Defendants represented on numerous occasions that they would

15  remedy all alleged ADA violations, the Court finds that Plaintiff was not required to assume that the

16  violations would be corrected based on Defendants' representations.  The Court further finds that the

17  parties' access experts disagreed as to whether there were ADA violations at Defendants' restaurant

18  on May 21, 2007, and therefore the Court cannot conclude that Plaintiff's April 3, 2007, motion for

19  summary judgment was frivolous or unreasonable.  Finally, the Court cannot conclude that Plaintiff's

20  July 13, 2007, motion for summary judgment was unreasonable or frivolous because Defendants have

21  not established that Plaintiff knew that each of the alleged ADA violations had been corrected on the

22  day that the motion was filed, and Plaintiff withdrew the motion less than a month later.

23      The Court concludes that sanctions are not warranted pursuant to 28 U.S.C. § 1927 because

24  the Court cannot conclude that Plaintiff acted in bad faith or recklessly and with an improper purpose.

25  Defendant's request for sanctions and fees pursuant to 28 U.S.C. § 1927 is DENIED.

26  **III. Sanctions Pursuant to the Court's Inherent Power**

27      **A.  Standard for Sanctions Pursuant to the Court's Inherent Power**

28      A federal court has the "inherent power to levy sanctions, including attorneys' fees for 'willful

- 6 -                                                    06CV1046 WQH (BLM)

1   disobedience of a court order . . . or when the losing party has acted in bad faith, vexatiously,

2   wantonly, or for oppressive reasons . . . ." *Fink*, 239 F.3d at 991 (citing *Roadway Express, Inc. v.*

3   *Piper*, 447 U.S. 752, 766 (1980)).  A court may sanction a party pursuant to the court's inherent power

4   if "a party acts for an improper purpose–even if the act consists of making a truthful statement or a

5   non-frivolous argument or objection."  *Id*. at 992.  In order to sanction a party pursuant to a court's

6   inherent power, the court must find "bad faith or conduct tantamount to bad faith," which could

7   include an "attorney's reckless misstatements of law and fact" coupled with "an improper purpose."

8   *Id.* at 994.

9          **B.  Analysis**

10          As noted above, the Court cannot conclude that Plaintiff acted in bad faith or exhibited conduct

11   which was tantamount to bad faith.  Plaintiff's initial Complaint was not frivolous or unreasonable,

12   and while Plaintiff ignored Defendants pre-Complaint letters, the Court cannot say that such conduct

13   establishes bad faith.  Though Defendants diligently worked to correct the alleged ADA violations and

14   Plaintiff rebuffed Defendants' attempts to settle, the Court cannot conclude that Plaintiff acted in bad

15   faith where Defendants ultimately cured each of the ADA violations alleged in the Complaint.  For

16   these reasons, and for those stated above with respect to sanctions pursuant to 28 U.S.C. § 1927,

17   Defendants' request for fees and sanctions Plaintiff pursuant to the Court's inherent power is

18   DENIED.

19   **IV.  Defendants' Rule 68 Offers of Judgment**

20          Defendants made three Rule 68 Offers of Judgment in this case, one on July 3, 2006, one on

21   July 20, 2006, and one on December 8, 2006.  Defendants' first Rule 68 Offer of Judgment offered

22   to pay the sum of $4,001 to Plaintiff in exchange for Plaintiff's dismissal of the entire Complaint with

23   prejudice.  (Doc. # 86, Ex. 4).  Defendants' second Rule 68 Offer of Judgment offered to pay the sum

24   of $6,001 to Plaintiff and to remedy all ADA violations alleged in the Complaint in exchange for

25   Plaintiff's dismissal of the entire Complaint with prejudice.  (Doc. # 86, Ex. 6).  Defendants' third

26   Rule 68 Offer of Judgment offered to remedy all ADA violations immediately and diligently in

27   exchange for Plaintiff's dismissal of the ADA cause of action.  Plaintiff rejected each of the Rule 68

28   Offers.  On August 22, 2007, the Court granted Defendants' motion for summary judgment on the

1  grounds that Plaintiff conceded that none of the ADA violations alleged in the Complaint remained

2  at Defendants' restaurant.  Defendants contend that they are entitled to the attorneys fees and costs

3  which accrued after Plaintiff rejected Defendants' various Rule 68 Offers of Judgment.

4       FED. R. CIV. P. 68(d) provides that, "[i]f the judgment that the offeree finally obtains is not

5  more favorable than the unaccepted offer, the offeree must pay the costs incurred after the offer was

6  made."  The Court's Judgment reads: "IT IS ORDERED AND ADJUDGED Defendants' motion for

7  summary judgment is granted on the grounds that none of the violations alleged by Plaintiff in the

8  Complaint currently exist at Defendants' McDonald's restaurant.  Plaintiff's motion for summary

9  judgment is denied as moot." (Doc. # 81).  The Court concludes that Plaintiff, the offeree with respect

10  to Defendants' Rule 68 Offers of Judgment, did not obtain judgment in its favor in this case.[2]

11  Accordingly, the Court concludes that FED. R. CIV. P. 68 has no bearing in this case.  *See MRO Comm.*

12  *v. AT&T*, 197 F.3d 1276, 1280 (9th Cir. 1999) ("Federal Rule 68 is inapplicable in a case in which the

13  defendant obtains judgment."); *Amati v. City of Woodstock*, 176 F.3d 955, 957 (7th Cir. 1999) ("Rule

14  68 bites only when the plaintiff wins but wins less than the defendant's offer of judgment.").  The

15  Court further notes that even if the judgment were construed to be in favor of Plaintiff, Defendants

16  have not established that the judgment was not "more favorable than the unaccepted offer." FED. R.

17  CIV. P. 68(d).

18       Defendants' motion for fees and costs pursuant to FED. R. CIV. P. 68(d) is DENIED.

19  **V.  Bill of Costs**

20       On September 4, 2007, Defendants submitted a bill of costs.  (Doc. # 83).  The Court has

21  previously concluded that Defendants are not the prevailing parties in this action, and therefore,

22  Defendants' bill of costs is DENIED.  *See* Fed. R. Civ. P. 54(d); *Miles v. California*, 320 F.3d 986,

23  988 (9th Cir. 2003); *Lucky Stores*, 246 F.3d at 1189-90.

24  **VI.  Request for Judicial Notice**

25       On March 3, 2008, Defendants filed a request for judicial notice.  (Doc. # 99).  Specifically,

26  Defendants request that this Court take judicial notice of an Order filed on February 29, 2008, in

27

28      [2] Defendants did not argue or establish that the judgment was in Plaintiff's favor.  Rather, Defendants contend that Defendants are the prevailing parties.

1  *Wilson v. Kayo Oil, et. al.,* 06CV1035 BEN (AJB), docket entry # 52.

2      Courts may take judicial notice of their own records, and may also take judicial notice of other

3  courts' proceedings if they "directly relate to matters before the court." *Hayes v. Woodford*, 444 F.

4  Supp. 2d 1127, 1136-37 (S.D. Cal. 2006).  However, a court may not take judicial notice of findings

5  of fact from another case, nor may a court take judicial notice of any matter that is in dispute.  *See*

6  *Wyatt v. Terhune*, 315 F.3d 1108, 1114 & n.5 (9th Cir. 2003); *Lee v. City of Los Angeles*, 250 F.3d

7  668, 689-90 (9th Cir. 2001).  Though it is not entirely clear, it appears that Defendants request judicial

8  notice of the findings of fact in *Wilson v. Kayo Oil, et. al.,* 06CV1035 BEN (AJB), docket entry # 52.

9  *See* (Doc. # 99 at 2).  The Court concludes that it cannot take judicial notice of findings of fact, and

10  therefore, Defendants' request for judicial notice (Doc. # 99) is DENIED.  *See Wyatt*, 315 F.3d at

11  1114.

12                                    **CONCLUSION**

13      Defendants' motion for fees and costs pursuant to 42 U.S.C. § 12205 (Doc. # 85) is DENIED.

14      Defendants' motions for fees and/or sanctions pursuant to 28 U.S.C. §1927 or the Court's

15  inherent power (Doc. # 85) is DENIED.

16      Defendants' Bill of Costs (Doc. # 83) is DENIED.

17      Defendants' request for judicial notice (Doc. # 99) is DENIED.

18      **IT IS SO ORDERED**.

19

20  DATED:  March 20, 2008

21                                        *William Q. Hayes*
                                          **WILLIAM Q. HAYES**
22                                        United States District Judge

23

24

25

26

27

28